UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BEATA WOJTASIK AND**
**DARIUSZ WOJTASIK**

    Plaintiff,

vs.                                    CASE NO.:

**AMERIHOME MORTGAGE**
**COMPANY, LLC,**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, BEATA WOJTASIK and DARIUSZ WOJTASIK (hereinafter "Plaintiffs"), by and through their undersigned counsel, and bring this action against the Defendant, AMERIHOME MORTGAGE COMPANY LLC. (hereinafter "AMERIHOME"), and in support allege as follows:

## INTRODUCTION

1. This is an action brought by consumers for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and their implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of

RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and the respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA, Sections 1024.35 and 1024.36 of Regulation X.

4. All conditions precedent to the filing of this action have been satisfied.

## JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7. Venue in this District is proper because the property (the "subject property") is located in Pasco County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

8. At all times material hereto, the Defendant was and is a foreign limited liability company duly licensed to transact business in the State of Florida.

9. At all times material hereto, Plaintiff owned and continues to own the subject property, which is located in Pasco County, Florida with an address of 4628 Deer Lodge Road, New Port Richey, FL 34655.

10. At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property.

11. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as ending in loan number 1074.

## BACKGROUND AND GENERAL ALLEGATIONS

12. On or about July 3, 2018, the Plaintiff entered into a promissory note agreement with UNION HOME MORTGAGE CORP., (the "Note") for what he intended to be his primary residence.

13. The Note was secured by a mortgage on the subject property (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "Loan").

14. On or about December 16, 2021, a foreclosure action was filed against the Plaintiff in Pasco County, Florida, bearing Case No. 2021CA002895CA, styled as UNION HOME MORTAGE CORP., v. BEATA WOJTASIK; DARIUSZ WOJTASIK, ET AL (the "Foreclosure").

15. On June 3, 2022, UNION HOME MORTAGE CORP., voluntarily dismissed its Complaint for Foreclosure due to the fact that Plaintiffs entered into a loan modification.

16. AMERIHOME and its predecessor servicer have assessed numerous fees and charges to the account before and after the modification.

17. In fact, over $21,000 in fees and escrow charges were assessed to the loan as of June 2022.

18. Plaintiffs were concerned about some of those charges, so their counsel, Loan Lawyers, LLC, sent a Request for Information to Defendant to obtain information about these charges to ensure that they were reasonable, actually incurred, and recoverable under the terms of the mortgage.

19. In addition, Plaintiff requested a life of loan transaction history to ensure that all payments, fees and charges were properly credited to the loan both before and after the modification.

### I.     The Request for Information

20. In furtherance of the efforts to assist Plaintiffs, Loan Lawyers sent a Qualified Written Request in the form of a Request for Information (RFI) to AMERIHOME on or about July 11, 2022. A copy of the RFI is attached as Exhibit "A" to this complaint.

21. The RFI was received by AMERIHOME shortly thereafter.

22. Plaintiff will not detail every request in the RFI in the body of this complaint, but incorporates Exhibit A into this complaint.

23. On or about July 19, 2022, Defendant AMERIHOME sent a letter acknowledging receipt of the Request for Information and stated that it would "promptly and thoroughly research" the inquiry.

24. Not only did AMERIHOME fail to promptly or thoroughly respond to the RFI, it failed to respond altogether.

25. On or about September 1, 2022, Plaintiffs' counsel sent a follow up letter and provided notice an opportunity to cure for AMERIHOME's failure to respond to the RFI. A copy of which is attached as Exhibit "B" to this complaint.

26. On or about September 8, 2022, AMERIHOME again sent a letter promising to "promptly and thoroughly research" the inquiry.

27. However, as of the date this lawsuit, AMERIHOME has not responded by providing any of the requested documents/information.

28. Plaintiffs have received mortgage statements with questionable charges that have carried over as past due charges and have a right to know exactly what has gone on, and what continues to go on, with fees and charges on their loan account.

29. The RFI also requested a life of loan transaction history showing all payments, fees, and charges applied to Plaintiffs loan, as well as information regarding the fees and charges that AMERIHOME asks Plaintiff to pay for. This

information would allow Plaintiffs and their counsel to see if AMERIHOME has properly serviced this loan, but without this information, Plaintiffs and their counsel are left with unanswered questions.

30. Requests such as these are the very reason that the Request for Information regulations found at 12 C.F.R. §1024.36 were enacted.

31. Borrowers such as Plaintiffs have a right to receive information and explanations as set forth in Regulation X.

32. Plaintiffs live in the subject property and are suffering from emotional distress not knowing if unreasonable or uncollectable fees have been assessed to the loan, especially the fact that over $21,000 in fees and escrow charges were assessed to the loan.

33. Further, Plaintiffs' counsel is unable to provide any meaningful answers to Plaintiffs nor provide any assistance to help them resolve these issues without the requested documents and explanations.

34. Once AMERIHOME provides a response that is complaint with the RFI, Plaintiffs can either take steps to rectify any improper fees or charges. If it turns out that AMERIHOME or its predecessor has not assessed any improper fees or charges, Plaintiffs will at least have peace of mind that they have not been taken advantage of.

## II.     Requirements After AMERIHOME Received Plaintiff's Qualified Written Request

35.     The Defendant was obligated to acknowledge receipt of Plaintiffs' Qualified Written Request in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d).

36.     The Defendant was further required to provide a written response to Plaintiffs' additional information requests within thirty (30) business days, with the requested information included or a written statement that the "requested information is not available to the servicer" and the "basis for the servicer's determination." See 12 C.F.R. § 1024.36(d).

37.     Pursuant to RESPA under 12 C.F.R. §1024.36(d) AMERIHOME was required to provide its' written response to the Request for Information within 30 business days of receipt, however, despite more than 10 months elapsing since receipt of the RFI, AMERIHOME has still failed to do so.

38.     On or about September 1, 2022, counsel for Plaintiffs sent a follow up letter requesting compliance with the RFI and providing notice and opportunity to cure, however AMERIHOME has still failed to comply.

39.     Despite those efforts, the Defendant has failed or refused to respond to Plaintiff's RFI, contrary to 12 C.F.R. §1024.36(c) and 12 C.F.R. §1024.36(d)(2)(i)(B), as well. Each of these errors in AMERIHOME's servicing conduct is a violation of RESPA.

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

40. Plaintiffs' repeats, re-alleges and incorporates by reference paragraphs 1 through 39 against the Defendant.

41. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>   A servicer of a federally related mortgage shall not--
>
>   ****
>
>   **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>
>   ****
>
>   **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)

42. Section 1024.36 (Request for Information) of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that

Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

43. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

44. AMERIHOME's failure to respond to the Request for Information is a violation of federal Regulation X.

45. Defendant has also failed to or refused to comply with 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B) by not providing a compliant written response to a request for information within the required timeframe.

46. As such, the Defendant has committed multiple violations of 12 U.S.C. § 2605(k)(1)(E) and the implementing regulations found at Regulation X.

47. Plaintiffs have hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

48. The Plaintiffs have been injured in fact and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Plaintiffs and other consumers like them. The threshold of the Defendant's violations stem from the failure to provide the

information requested in the Request for Information.  These injuries are also in the form of postage costs for sending Exhibit B and emotional distress damages as more particularly described herein.

49.	In addition, Plaintiffs seeks nominal damages for violation of their rights pursuant to RESPA and implemented through regulation X as is more particularly described herein.

50.	Therefore, Plaintiffs injuries result in-part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, the Defendant violated the Plaintiffs' rights under RESPA by not providing the information responsive to the Plaintiffs' requests for that information and for all of the other violations set forth herein.

51.	Plaintiffs is entitled to actual damages and nominal damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's reminder letter and notice and opportunity to cure (Exhibit B)  and (2) emotional distress  due to Defendant's failure to adequately respond to inquiries as required by RESPA. See Martinez v. Shellpoint Mortg. Servicing, No. 16-60026-CIV, 2016 WL 6600437 (S.D. Fla. Nov. 8, 2016); Porciello v. Bank of America, N.A., 2015 WL 899942 (M.D. Fla. 2015)(same); Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014)(finding that

the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment). Plaintiffs has also suffered actual damages in the form of emotional distress, anxiety, and worry as a result of the ongoing failures of the Defendant to address the Plaintiff's concerns relating to his loan and respond to the RFI. See Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014) (the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

52.   Further, Plaintiffs have had to waste time consulting with their counsel regarding the issues raised in this complaint.

53.   Plaintiffs are entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, BEATA WOJTASIK and DARIUSZ WOJTASIK, respectfully ask this Court to enter an order granting judgment for the following:

(a) That the Defendant be required to provide the totality of the information requested in Plaintiff's request for information with detail and specificity;

(b) For actual damages, nominal damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, BEATA WOJTASIK and DARIUSZ WOJTASIK, hereby demand a trial by

jury of all issues so triable.

Date:  June 15, 2023                     Respectfully Submitted,

*/s/ Matthew D. Bavaro*
Matthew D. Bavaro, Esquire
FL Bar No.: 175821
E-mail: matthew@fight13.com
LOAN LAWYERS, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile:  (954) 581-2786

**Attorney for Plaintiff**